IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| COLT DEFENSE LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>BUSHMASTER FIREARMS, INC.,<br><br>        Defendant. | Civil Action No. 2:04-cv-240 |

**DEFENDANT BUSHMASTER FIREARMS, INC.'S MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFF'S PROPOSED EXPERT MICHAEL F. LAPLANTE WITH INCORPORATED MEMORANDUM OF LAW**

NOW COMES Defendant Bushmaster Firearms, Inc. ("BFI") and moves *in limine* to exclude certain testimony of Plaintiff's proposed expert Michael F. LaPlante on the grounds that he is neither qualified to testify to the opinions and the testimony is not based on sufficient facts or data under Fed.R.Evid.702. Further, Mr. LaPlante's opinion will not assist the trier of fact in understanding the evidence or determining a fact in issue. In support of this motion, BFI submits the following incorporated memorandum of law.

**INTRODUCTION**

In this action Plaintiff asserts a variety of trademark infringement, trade dress infringement, trademark dilution, false designation of origin and false advertising claims under the Lanham Act, Section 32 (15 USC § 1114); Section 43(a) (15 USC § 1125(a)); Section 43(c); (15 USC §1125(c)); and at common law. As part of its case, Plaintiff, among other things, must produce sufficient evidence that use of its purported marks by Bushmaster creates a likelihood of confusion regarding the source of goods in question. See, e.g., *WCVB-TV v. Boston Athletic*

*Ass'n.*, 926 F.2d 42, 44 (1st Cir. 1991).  With respect to its dilution claim under Section 25(c) of the Lanham Act, Plaintiff must also demonstrate that the M4 term is a famous mark.

Plaintiff may offer expert testimony at trial of Michael F. LaPlante, one of its employees, as follows:

1. his opinion that the term M4 "for over ten years has been associated with Colt … and has been associated with Colt's quality reputation", presumably to the exclusion of other users, (Expert Report of Michael F. LaPlante, ¶10, attached as Exhibit A) (Ex. A, ¶10);

2. his opinion that "Colt's federally-registered trademark, trade dress and other Colt marks are widely-used, world renowned, and 'famous',"  (Ex. A, ¶12); and

3. his opinion that "there is substantial value to the non-military commercial market in producing a weapon that 'looks and feels' like a genuine military weapon", (Ex. A, ¶11).

Rule 702 imposes an important gatekeeper function on judges "by requiring them to ensure that three requirements are met before admitting expert testimony: (1) the expert is qualified to testify by knowledge, skill, experience, training or education; (2) the testimony concerns scientific, technical or other specialized knowledge; and (3) the testimony is such that it will assist the trier of fact in understanding or determining a fact in issue".  *Correa v. Cruisers, A Division of KCS International, Inc.*, 298 F.3d 13, 25 (1st Cir. 2002); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589, 592, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)).  Under Rule 702, an expert's testimony must also be "based on sufficient facts or data" in order to be reliable and admissible.

In this case, Mr. LaPlante is neither qualified by knowledge, skill, experience, training or education to testify as to the cited opinions, nor are they based on sufficient facts or data for them to be deemed reliable.

Mr. LaPlante's qualifications indicate that he has an engineering degree, provided engineering consulting support work, was an engineer at Colt from 1991 to 1997, and rejoined Colt in 2000 as a manufacturing engineer. Ex. A, ¶2-8. He describes his field of expertise as "fire arms design, engineering and manufacturing." Ex. A, ¶1. There is nothing in his qualifications that establish, knowledge, skill, experience or training that would enable him to opine as to purchasers' perceptions concerning the association of the M4 term with Colt or whether prospective purchasers deem the M4 term to be "famous". Moreover, there is nothing in his qualifications to suggest that he is qualified to opine that there is substantial value in the "non-military commercial market" in producing a weapon with the "look and feel" of a military weapon.

Mr. LaPlante's deposition further revealed that Mr. LaPlante has no basis for asserting these opinions. **[REDACTED – CONFIDENTIAL INFORMATION FILED UNDER SEAL].**

Because Mr. LaPlante is neither qualified as an expert, nor possesses sufficient facts or data upon which to base his opinions concerning the association of the M4 term with Colt or the famousness of the M4 term, and because the referenced testimony will not provide assistance to the trier of fact in understanding the evidence or determining a fact in issue, the testimony should not be allowed at trial.

Dated: May 11, 2005

/s/ Jeffrey M. White

Jeffrey M. White
jwhite@pierceatwood.com
PIERCE ATWOOD
One Monument Square
Portland, ME 04101
Telephone: (207) 791-1100
Facsimile: (207) 791-1135

Attorney for Defendant
Bushmaster Firearms, Inc.

{W0352864.1}                                            4

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2005, I electronically filed **DEFENDANT BUSHMASTER FIREARMS, INC.'S MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFF'S PROPOSED EXPERT MICHAEL F. LAPLANTE WITH INCORPORATED MEMORANDUM OF LAW** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

> Stephen D. Wilson
> swilson@preti.com
> Preti, Flaherty, Beliveau, Pachios & Haley, LLC
> Po Box 9546
> Portland, Me 04112-9546
> 207-791-3257
>
> Thomas R. Lotterman
> trlotterman@swidlaw.com
> Swidler Berlin LLP
> 3000 K. Street, N.W.
> Suite 300
> Washington, DC 20007
> 202-424-7831

> /s/ Jeffrey M. White
> Jeffrey M. White
> jwhite@pierceatwood.com
>
> PIERCE ATWOOD
> One Monument Square
> Portland, ME 04101
> Telephone: (207) 791-1100
> Facsimile: (207) 791-1135
>
> Attorney for Defendant
> Bushmaster Firearms, Inc.